IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 2, 2017

## KENNETH KIRKWOOD v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
No. 09-07493    Chris Craft, Judge

No. W2016-00948-CCA-R3-PC

The Petitioner, Kenneth Kirkwood, appeals the dismissal of his petition for post-conviction relief, arguing that the post-conviction court erred in denying him a full hearing and concluding that he waived all his ineffective assistance of counsel claims by raising an allegation of ineffective assistance of counsel in his motion for new trial and on direct appeal.  Following our review, we affirm the dismissal of the petition on the basis that the Petitioner has already been afforded an opportunity to litigate his ineffective assistance of counsel claim.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Andrea D. Sipes, Jackson, Tennessee (on appeal); and Lindsey R. Steffgen Memphis, Tennessee (at hearing), for the appellant, Kenneth Kirkwood.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Carla L. Taylor, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In December 2012, the Petitioner was convicted by a Shelby County Criminal Court jury of especially aggravated robbery, especially aggravated kidnapping, use of a firearm during the commission of a dangerous felony, and aggravated burglary.  He was subsequently sentenced by the trial court to an effective term of forty-five years in the

Department of Correction at 100% as a violent offender. His convictions were affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal. See State v. Kenneth Kirkwood, No. W2013-01007-CCA-R3-CD, 2014 WL 4243764, at *1 (Tenn. Crim. App. Aug. 27, 2014), perm. app. denied (Tenn. Jan. 15, 2015).

Our direct appeal opinion reveals that the Petitioner's convictions were based on his actions on April 28, 2009, when, assisted by an accomplice, he accosted the victim, Arnedra Taylor, in the driveway of her home, forced her at gunpoint inside her home, moved her from room to room as he searched for cash and valuables, took approximately $230 in cash and a laptop from her, and shot her in the hip, injuring her severely, before departing with his accomplice. Id. at *1-2. Ms. Taylor made both out-of-court and in-court identifications of the Petitioner as the man who accosted her in the driveway and shot her in the hip and of the Petitioner's co-defendant, William Acey, as the man who accompanied the Petitioner inside the home, helped search for valuables, and gave the Petitioner his gun to shoot the victim after the Petitioner's weapon jammed. Id. at *3-4. At the conclusion of the trial, the jury convicted the Petitioner of all indicted charges but acquitted Mr. Acey of all charges. Id. at *5.

One of the issues the Petitioner raised in his motion for new trial, despite the warning of the trial court, was whether he was denied the effective assistance of trial counsel. Specifically, the Petitioner alleged that his counsel had at various times during the trial fallen asleep. In overruling the motion, the trial court noted that trial counsel had informed him at the start of the trial that he was taking cold medicine, which made him drowsy. The court also observed that it had watched counsel throughout the trial and "at no time . . . was [trial counsel] not ready." The trial court concluded that trial counsel had performed "adequately" and that the Petitioner had received a fair trial. Id. at *6.

On direct appeal, the Petitioner "acknowledge[d] that his attorney's performance at trial 'fell within the range of competence demanded of attorneys in criminal cases'" but argued that he was also basing his ineffective assistance of counsel claim on counsel's performance during the hearing on the motion for new trial. The Petitioner asserted that counsel's performance during the hearing on the motion for new trial should be presumed prejudicial under the United States v. Cronic, 466 U.S. 648 (1984), standard because of counsel's complete failure to communicate with him or advise him regarding his ineffective assistance of counsel claim. Id. at *9-10. In rejecting the Petitioner's argument, this court first noted that trial counsel must have communicated with the Petitioner in some fashion for counsel to have included the ineffective assistance of counsel claim in the motion for new trial. This court also concluded, among other things, that the Petitioner failed to show that he was prejudiced by counsel's performance at the hearing. Id. at *10.

On August 10, 2015, the Petitioner filed a pro se petition for post-conviction relief in which he raised a number of claims, including ineffective assistance of counsel. Following the appointment of post-conviction counsel, he filed an amended petition in which he alleged that his trial counsel was ineffective for failing to properly investigate the case and for appearing to be asleep during the trial.

At the beginning of the post-conviction hearing, the post-conviction judge, who had also presided at the trial and hearing on the motion for new trial, recalled that he had warned the Petitioner that he could not raise an ineffective assistance of counsel claim in a post-conviction petition if he chose to raise it in the motion for new trial. Accordingly, the court stated that it would not hear any evidence regarding allegations of ineffective assistance of counsel but would allow the Petitioner to proceed with evidence regarding other claims. The Petitioner, who was the only witness at the hearing, testified that he wanted the first two responding officers, who had testified at his first trial,[1] subpoenaed as witnesses at his second trial, but trial counsel failed to do so. The Petitioner claimed that those two witnesses would have contradicted the victim's testimony that she had provided a description of the Petitioner to the initial responding officers. The Petitioner also complained that the prosecutors had engaged in prosecutorial misconduct by allowing the victim to testify that the Petitioner was the perpetrator, when the prosecutors knew that the victim had obtained her information about the Petitioner from a jailhouse informant rather than through a police investigation. The Petitioner acknowledged that the victim identified him at trial as one of the perpetrators.

At the conclusion of the hearing, the post-conviction court took the matter under advisement to review the trial record to determine if the Petitioner had already litigated his claim of ineffective assistance. On April 12, 2016, the post-conviction court entered an order denying the petition on the basis that the Petitioner failed to meet his burden of proving his allegations of fact by clear and convincing evidence. Specifically, the court found that the Petitioner failed to offer proof of any additional investigation that would have made the Petitioner's defense more viable and that the Petitioner's allegation that trial counsel slept during his trial had been previously determined.

## ANALYSIS

On appeal, the Petitioner argues that the post-conviction court erred by summarily dismissing his claim of ineffective assistance of counsel without affording him a full hearing on those allegations that were not based on counsel's having fallen asleep during

---

[1] According to the post-conviction court, the Petitioner's first trial ended in a mistrial after one of the Petitioner's friends made an implied threat toward one of the jurors.

the trial. The State responds by arguing that the Petitioner's claim of ineffective assistance of counsel was previously determined and that the post-conviction court therefore properly denied relief. We agree with the State.

This court has repeatedly cautioned that raising a claim of ineffective assistance of counsel on direct appeal is "fraught with peril." Thompson v. State, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997). Ineffective assistance of counsel is "a single ground for relief" under the post-conviction statute, even though the violation may be established by multiple acts or omissions. Id. (citations omitted). The Petitioner's claim of ineffective assistance of counsel was raised in his motion for new trial and reviewed by this court as an issue on direct appeal. As such, it cannot be relitigated in a post-conviction proceeding, even if the Petitioner may not have made the same allegations on direct appeal that he now makes in his post-conviction petition. See Nelson Troglin v. State, No. E2010-01838-CCA-R3-PC, 2011 WL 4790943, at *16 (Tenn. Crim. App. Oct. 11, 2011), perm. app. denied (Tenn. Feb. 15, 2012) (citing Ronald Yates v. State, No. W2008-02067-CCA-R3-PC, 2009 WL 4505436, at *3 (Tenn. Crim. App. Dec. 3, 2009); Jay Homer Chambers v. State, No. E2004-01862-CCA-R3-PC, 2005 WL 2346974, at *2 (Tenn. Crim. App. Sept. 26, 2005); John Earl Scales v. State, No. M2003-01753-CCA-R3-PC, 2004 WL 1562542, at *6-7 (Tenn. Crim. App. July 13, 2004), perm. app. denied (Tenn. Nov. 8, 2004); Russell Lane Overby v. State, No. W2001-01247-CCA-R3-PC, 2002 WL 818250, at *2 (Tenn. Crim. App. Apr. 26, 2002), perm. app. denied (Tenn. Sept. 9, 2002)).

We agree with the State that the cases cited by the Petitioner, which stand for the proposition that a petitioner's ineffective assistance of counsel claim against trial counsel on direct appeal does not preclude an ineffective assistance claim against successor counsel, are inapplicable to this case. Accordingly, we affirm the judgment of the post-conviction court denying the petition.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court.

_____
ALAN E. GLENN, JUDGE

-4-